Ava Neal *against* Richard Cook.

### IN ATTACHMENT.

A *scire facias*, against a garnishee in attachment, is defective, if it does not state with precision and certainty, the nature of the property attached. The words "rights and credits" do not sufficiently specify the nature of the property; and an inventory returned with a writ of attachment would be defective, if it did not state with more certainty and precision, what was the nature of the property attached.

---

An attachment had been issued by a justice of the peace in favor of Richard Cook against William Curtis, an absconding debtor, to which the constable made return that he had attached "the effects, rights and credits of William Curtis,

to the amount of forty-five dollars," and the justice rendered a judgment in favor of Cook against Curtis for $42.74 debt, and $1.76 costs. After the rendition of the judgment against Curtis, Cook sued out a *scire facias* against Ava Neal, the garnishee, in attachment, reciting that "whereas on the 2d of November, 1827, a writ of attachment issued out of the court for the trial of small causes at the suit of Richard Cook against William Curtis, an absconding debtor, directed to William De Hart, constable; and, whereas, the said constable hath returned to our said court, that he had attached the rights and credits of William Curtis, in the hands of Ava Neal, to the amount of forty-five dollars, "and, commanding the constable to summons the said Ava Neal, to appear before the justice, at a certain time and place, to shew cause why the said Richard Cook should not have execution of the said sum of forty-four dollars and seventy-four cents, due from the said Ava Neal, at the time of executing the said writ of attachment." This *scire facias* was duly served upon Ava Neal, the garnishee, and upon the return thereof the plaintiff appeared, but the defendant, Neal, did not appear, and the justice after examining De Hart, the constable, rendered a judgment against Neal as garnishee, for $44.50 debt, and $1.25 costs; Neal thereupon brought this *certiorari*, and by his counsel.

*J. W. Miller*, relied upon several reasons for the reversal of the judgment, and among others, because the *scire facias* and the inventory and appraisement returned by constable, with the writ of attachment, were insufficient.

*Vroom*, contra.

EWING, C. J. The *scire facias* issued in this case against Ava Neal, as garnishee, is essentially defective in not stating with sufficient certainty and precision, the nature of the property attached. As the garnishee may have occasion to avail himself of the recovery against him, for protection in case of a subsequent demand or suit by the defendant in attach-

ment, the nature of the property attached in his hands ought to be shewn with such precision as to afford him adequate means of protection, to enable him to plead and prove the proceedings under the attachment as a bar to another demand. The recital in the *scire facias* is that the constable had "attached the rights and credits of William Curtis, in the hands of Ava Neal, to the amount of forty-five dollars." No state of demand having been filed on the return of the *scire facias*, no greater certainty is shewn. The expression "rights and credits" is of the most general character; and from it, the nature of the right, or credit, or property attached, cannot be learned. If the object attached was a debt or sum of money, due from Neal to Curtis, although the kind of evidence, whether note or bond, which was held by the defendant in attachment, might be unknown, and could not therefore be stated, yet that the object was a debt, might be as well understood and distinctly set forth, as that there was any thing in the hands of the garnishee which could be made liable to the attachment. If it be said, the recital in the *scire facias*, is as explicit as the inventory returned with the attachment; the fact being so, shews that the inventory itself was defective, and that nothing is to be found in any other part of the proceedings to supply the defect of the *scire facias*.

The other justices concurred.

Judgment reversed.